E-FILED
Friday, 17 September, 2021  02:29:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TIMOTHY B., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-cv-04082-SLD-JEH |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER

Plaintiff Timothy B. filed an application for supplemental security income.  The

Commissioner of the Social Security Administration ("the Commissioner") denied his

application, and Timothy seeks judicial review of the Commissioner's decision pursuant to 42

U.S.C. § 405(g).[2]  *See* Compl., ECF No. 1.  Before the Court are Timothy's Motion for Summary

Judgment, ECF No. 12, the Commissioner's Motion for Summary Affirmance, ECF No. 14, and

United States Magistrate Judge Jonathan E. Hawley's Report and Recommendation, ECF No. 15,

which recommends granting Timothy's motion and denying the Commissioner's motion.

When a magistrate judge considers a pretrial matter dispositive of a party's claim or

defense, he must enter a recommended disposition.  Fed. R. Civ. P. 72(b)(1).  Parties may object

within fourteen days of being served with a copy of the recommended disposition.  *Id.* 72(b)(2).

The district judge considers *de novo* the portions of the recommended disposition that were

properly objected to and may accept, reject, or modify the recommended disposition or return it

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for her predecessor, Andrew Saul.
[2] The Commissioner's final determination on an application for supplemental security income is "subject to judicial review as provided in section 405(g) . . . to the same extent as the Commissioner's final determinations under section 405."  42 U.S.C. § 1383(c)(3).

to the magistrate judge for further proceedings.  *Id.* 72(b)(3).  If no objection, or only partial objection, is made, the district judge reviews the unobjected portions of the recommendation for clear error.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Neither party has objected to any portion of Judge Hawley's Report and Recommendation, so the Court reviews it for clear error only.  The Court notes that Judge Hawley's review was limited to determining only whether the ALJ applied the correct legal standard and whether substantial evidence supports the ALJ's decision.  *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quotation marks omitted).  The ALJ does not have "to provide a complete and written evaluation of every piece of testimony and evidence, but must build a logical bridge from the evidence to his conclusion."  *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted).

After reviewing the Report and Recommendation, the parties' motions and memoranda, the record, and the applicable law, the Court finds no clear error.  Accordingly, the Report and Recommendation, ECF No. 15, is ADOPTED.  Plaintiff Timothy B.'s Motion for Summary Judgment, ECF No. 12, is GRANTED, and the Commissioner's Motion for Summary Affirmance, ECF No. 14, is DENIED.  Pursuant to 42 U.S.C. § 405(g), the Commissioner's decision in this matter is REVERSED, and the cause is REMANDED for further proceedings consistent with the Report and Recommendation.  The Clerk is directed to enter judgment and close the case.

Entered this 17th day of September, 2021.

s/ Sara Darrow
SARA DARROW

2

_____
 CHIEF UNITED STATES DISTRICT JUDGE